IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
SALISBURY DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| | ) | CIVIL ACTION NO. 1: 08-CV-00695 |
| Plaintiff, | ) ) ) | |
| | ) | **COMPLAINT** |
| v. | ) ) | |
| STANLEY FURNITURE COMPANY, INC., | ) ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race, African-American, and to provide appropriate relief to Johnny Wright and other similarly situated employees who were adversely affected by such practices. Specifically, the U.S. Equal Employment Opportunity Commission alleges that Defendant, Stanley Furniture Company, Inc. ("Defendant"), discriminated against Johnny Wright by subjecting him to a racially hostile work environment because of his race, African-American. Further, the Commission alleges that Defendant discriminated against other similarly situated employees by subjecting them to a racially hostile work environment because of their race, African-American.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation doing business in the State of North Carolina and the City of Lexington, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Johnny Wright filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From in and around 2004 until at least August 29, 2006, Defendant engaged in unlawful employment practices at its Lexington, North Carolina manufacturing facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1), when it subjected Johnny Wright, a Contour Brush Sander, to a racially hostile work environment based on his race, African-American. The harassment included unwelcome racially offensive comments directed at Wright, and other similarly situated African American employees, by a Caucasian co-worker ("the coworker"). Specifically, the co-worker made racially offensive comments including but not limited to use of the word "nigger," and other comments such as "black people are monkeys," and "don't you wish you were white like me." The co-worker also made references to being a member of the Ku Klux Klan. The racially offensive and derogatory comments were made around two to three times per week, were severe or pervasive and created a hostile work environment for Wright and other similarly situated African American employees, and was known to Defendant. Despite the fact Defendant had knowledge of the racially hostile environment, it failed to take action to stop or prevent it.

8. The effect of the practices complained of in paragraph 7 has been to deprive Johnny Wright and other similarly situated African-American employees of equal

employment opportunities, and otherwise adversely affect their status as employees because of their race.

9. The unlawful employment practices complained of in paragraph 7 were intentional.

10. The unlawful employment practices complained of in paragraph 7 were done with malice or with reckless indifference to the federally protected rights of Mr. Wright, and the other similarly situated African-American employees.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of race.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Johnny Wright, and the other similarly situated African-American employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, in amounts to be determined at trial.

D. Order Defendant to make whole Johnny Wright, and the other similarly situated African-American employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraph 7,

4

including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

E. Order Defendant to pay Johnny Wright, and the other similarly situated African-American employees punitive damages for its malicious and reckless conduct described in paragraph 7, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this 25th day of September, 2008.

        Respectfully submitted,

        RONALD S. COOPER
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        1801 L Street, N.W.
        Washington, D.C. 20507

        s/ Lynette A. Barnes
        LYNETTE A. BARNES (NC Bar # 19732)
        Regional Attorney

        TINA M. BURNSIDE
        Supervisory Trial Attorney

        s/ Randall D. Huggins
        RANDALL D. HUGGINS (OK Bar # 17875)
        Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Charlotte District Office
        129 West Trade Street, Suite 400
        Charlotte, North Carolina 28202
        (704) 344-6889 (Direct Dial)
        (704) 344-6870 (Facsimile)
        randall.huggins@eeoc.gov

        **ATTORNEYS FOR PLAINTIFF**